# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| **UNITED STATES** | ) | **ACM 39737** |
| *Appellee* | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **ORDER** |
| **Austin J. MAURER** | ) | |
| **Airman First Class (E-3)** | ) | |
| **U.S. Air Force** | ) | |
| *Appellant* | ) | **Panel 1** |

Appellant was tried at Moody Air Force Base, Georgia on 7 May 2019 by a military judge sitting as a general court-martial. In accordance with his pleas pursuant to a pretrial agreement, Appellant was convicted of five specifications of wrongful possession, use, and distribution of cocaine and 3,4-methylenedioxymethamphetamine (MDMA), all in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a.[1] He was sentenced to a bad-conduct discharge, confinement for five months, and reduction to the grade of E-1. The pretrial agreement had no impact on the adjudged sentence.

On 16 May 2019, trial defense counsel submitted a clemency request to the convening authority requesting *inter alia* deferment of Appellant's reduction to the grade of E-1 and any automatic forfeitures until entry of judgment.[2] The convening authority took no action on the findings or sentence of the case and signed the decision memorandum on 23 May 2019. The entry of judgment was signed by the military judge on 3 June 2019. The case was docketed with this court on 22 July 2019, and Appellate Defense Counsel submitted a brief to this court on the merits on 19 November 2019.

On 13 December 2019 this court ordered the United States to show cause why this case should not be returned for correction of "the entry of judgment reflecting the deferment information." On 13 January 2020, the United States responded that this "Honorable Court should correct the error in this case" or should this court "decline to exercise its authority under [Rule for Courts-Martial (R.C.M.)] 1111(c), the United States recommends returning the Record of Trial to the Chief Trial Judge for the purpose of modifying the entry of

---

[1] See *Manual for Courts-Martial, United States* (2016 ed.), pt. IV, ¶ 37.a.(a). All other references in this order to the Uniform Code of Military Justice or Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2019 ed.).

[2] The clemency request from trial defense counsel erroneously stated "16 May 2018."

judgment." The Appellant did not submit any matters on this issue.

Unlike the facts in this court's recent opinion in *United States v. McGinnis*, No. ACM S32600, 2020 CCA LEXIS 2 (A.F. Ct. Crim App. 9 Jan. 2020) (unpub. op.), the convening authority's decision memorandum did not include Appellant's requests for deferment or the subsequent decision of the convening authority on them.

Reviewing the case pursuant to Article 66, Uniform Code of Military Justice, 10 U.S.C. § 866, the court noted that the entry of judgment reflecting the deferment information required pursuant to R.C.M. 1111(b)(3)(A) was missing from the original record of trial.

Rule for Courts-Martial 1111(b)(3)(A) states: "If the accused requested that any portion of the sentence be deferred, the judgment shall specify the nature of the request, the convening authority's action, the effective date if approved, and, if the deferment ended prior to the entry of judgment, the date the deferment ended."

Rule for Courts-Martial 1111(c) addresses modification of judgment. The judgment may be modified by (1) "[t]he military judge who entered a judgment to correct com- putational or clerical errors within 14 days after judgment was initially en- tered[;]" (2) "The Judge Advocate General [TJAG], the Court of Criminal Ap- peals, and the Court of Appeals for the Armed Forces [CAAF] may modify a judgment in the performance of their duties and responsibilities[;]" or (3) "[i]f a case is remanded to a military judge, the military judge may modify the judgment consistent with the purposes of the remand." R.C.M. 1111(c)((1)–(3). "Any modification to the judgment of a court-martial must be included in the record of trial." R.C.M. 1111(c)(4).

Air Force Instruction (AFI) 51-201, *Administration of Military Justice*, states: "TJAG, the Air Force Court of Criminal Appeals, and CAAF may make modifications to the findings, sentence, deferment, waiver of automatic forfeitures, action of the convening authority on the recommendation to suspend any portion of the sentence, or reprimand. Such superior competent authorities may also return the ROT [Record of Trial] back to the Chief Trial Judge, [Air Force Trial Judiciary (AF/JAT)], for correction of any defective record." AFI 51-201, ¶ 13.53.3.3.1 (18 Jan. 2019, as amended by AFGM 2019-02, 30 Oct. 2019).

Accordingly it is by the court on this 24th day of January, 2020,

**ORDERED:**

The record of trial is **REMANDED** to The Judge Advocate General for correction of the entry of judgment, Article 66(g), UCMJ, 10 U.S.C. § 866(g) and R.C.M. 1111(c). Thereafter, the record of trial will be returned to this court

for completion of appellate review under Article 66, UCMJ, of any findings and sentence from the judgment entered into the record. On **23 February 2020**, counsel for the Government will inform the court in writing of the status of compliance with this order unless the record of trial has been returned to the court prior to that date.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court